UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                       |
ORVILLE KNIGHT,                                        |
                                                       |
                          Petitioner,                  |        NOT FOR PUBLICATION
                                                       |        **ORDER**
           -against-                                   |        05-CV-2868 (CBA)
                                                       |
THE PEOPLE OF THE STATE OF                             |
NEW YORK                                               |
                          Respondent.                  |
                                                       |
-------------------------------------------------------x

AMON, UNITED STATES DISTRICT JUDGE

On June 15, 2005, Orville Knight filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court. Knight presented two arguments in his habeas petition: (1) he was denied effective assistance of counsel, as he was not properly informed of his right to be present during sidebar conferences with prospective jurors and his waiver of those rights, and (2) the court erred in permitting a juror to serve on the jury as that juror had allegedly served on an earlier trial arising out of Knight's alleged stabbing of one of the complainants in the instant case.

The District Attorney for the County of Kings, New York ("respondent"), appearing on behalf of the respondent People, moved to stay proceedings regarding Knight's claim of ineffective assistance of counsel and to dismiss Knight's "twice-serving juror" claim pursuant to 28 U.S.C. § 2254(b)(2). See Knight v. New York, No. 05-CV-2868 (E.D.N.Y. May 30, 2006) ("Order Granting Stay"). Knight admitted that he had failed to exhaust his state court remedies and joined the respondent's request to stay the proceedings pending such exhaustion. This Court granted that stay on May 30, 2006, conditioned upon Knight pursuing his claims in state court

1

within thirty (30) days of the order and notifying this Court within thirty (30) days of the final state court decision regarding his claims.[1] The Court informed Knight that if he failed to comply with either of these conditions, the stay would be vacated nunc pro tunc, and that he would likely find himself time-barred from re-submitting his claims in a federal habeas petition.

On June 26, 2006, Knight filed a letter with this Court requesting an extension of time in which to file his claims in state court. This Court granted a one-month extension, until July 31, 2006. Knight did not file his state court claims by July 31, 2006, and on August 1, 2006, filed a second request for a stay of the habeas proceedings. However, Knight failed to explain why he was unable to meet the extended July 31, 2006 deadline. Thus, the Court granted Knight until August 31, 2006 to explain why he was unable to meet the July 31, 2006 deadline and informed Knight that if he failed to do so, the stay would be vacated nunc pro tunc, and his petition would be dismissed in its entirety. On August 23, 2006, Knight responded to the Court stating that he has been on cell confinement since July 22, 2006 and that he has not been received assistance from the law library where he is incarcerated.

In light of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the Supreme Court limited the situations in which a stay and abeyance of a habeas petition is appropriate. Rhines v. Weber, 544 U.S. 269, 276–78 (2005). As the Supreme Court noted, "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by

---

[1] The Court denied respondent's request to dismiss the "twice-serving juror" claim, as the respondent did not provide any factual support for her allegation that no jury was impaneled in the alleged stabbing. See Order Granting Stay at 1. Although Knight's "twice-serving juror" appears to be without merit and there is no doubt evidence in the record which supports respondent's claim, the Court once more declines to dismiss that claim on the merits pursuant to 28 U.S.C. § 2254(b)(2), as the respondent has declined the invitation to provide that support to the Court.

allowing a petitioner to delay the resolution of the federal proceedings [and] undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Id. at 277. Thus, "stay and abeyance should be available only in limited circumstances . . . when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."[2] Id. Furthermore, "[e]ven where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA. A mixed petition should not be stayed indefinitely." Id. Instead, "district courts should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278.

This Court has granted Knight a reasonable time in which to return to state court to exhaust his claims. Although Knight has been on cell confinement since July 22, 2006, he had more than 50 days before his confinement during which to file his state court appeal. See, e.g., Zarvela v. Artuz, 254 F.3d 374, 381 (2d. Cir 2001) (noting that district courts "should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered"). In particular, he had an additional three weeks past the initial 30-day deadline of June 30, 2006, in which to file his appeal. Furthermore, Knight does not request that his petition be stayed for a limited time, but simply requests an open-ended "more time" in which to file his state court appeal.

Because Knight did not file his state court claims within a reasonable time, and did not

---

[2] The Court notes that under the Rhines standard, a stay and abeyance is only appropriate where a petitioner has demonstrated good cause for the failure to pursue state court remedies prior to filing a federal habeas petition. It does not appear that this showing of good cause was ever made. See Order Granting Stay, at 2. Nonetheless, as the stay was granted in the first instance, the Court does not rely on this ground to deny Knight's request for an extension of the stay.

proffer a good excuse for his failure to do so, he has not met the conditions of his stay, and we must vacate the stay nunc pro tunc. Zarvela, 254 F.3d at 381. Furthermore, because Knight has failed to exhaust his state court remedies, his petition is dismissed in its entirety. See 28 U.S.C. § 2254(b)(1)(A) (providing federal court may not consider a habeas corpus petition unless the petitioner has exhausted all state judicial remedies); Rhines, 544 U.S. at 276–78. The Clerk of the Court is instructed to enter judgment accordingly and to close the case. A certificate of appealability will not be issued because petitioner has failed to make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(e)(2).

SO ORDERED.

Dated: Brooklyn, New York
September 26, 2006

Carol Bagley Amon
United States District Judge